UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                        :
VIRGINIA D. BARRETT,                                    :
                                                        :
                          Plaintiff,                    :        13-cv-04118 (NSR)
         -against-                                      :        OPINION AND ORDER
                                                        :
CITY OF NEWBURGH, JOHN DOE,                             :
                                                        :
                          Defendants.                   :
-------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

        Virginia Barrett ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against the

City of Newburgh and John Doe, claiming that John Doe violated her right to be free from

excessive force under the Fourth Amendment and that the City of Newburgh violated her due

process right under the Fourteenth Amendment by failing to train, supervise, and discipline its

police officers. Before the Court is the City of Newburgh's motion to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, that motion is granted.

## I.        Background[1]

        At the time of the incident, Plaintiff resided at 788C Broadway, Newburgh, New York,

where she resided with her then-boyfriend, Alexander Miles. Amended Complaint ("Am.

Compl.") ¶ 5. On October 12, 2012, Police arrived at the residence to conduct a search,

ostensibly based on information received that Mr. Miles was selling marijuana. *Id.* at ¶ 6-7.

During the search, police officers, including John Doe named in the Complaint, apprehended

------------------------------------------------

[1] The Facts are as alleged in the Amended Complaint, unless otherwise noted.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3|18|2014

Plaintiff. *Id*. at ¶ 8. Mr. Miles told police officers at the scene that Plaintiff recently had shoulder surgery and would not be able to move her arms so that she could be handcuffed behind her back. *Id*. at ¶ 9. Nonetheless, John Doe forced Plaintiffs arms behind her back and handcuffed her, causing injury and requiring Plaintiff to undergo additional surgery. *Id*. at ¶ 10.

In addition to the facts surrounding the incident on October 12, 2012, the Complaint also alleges nineteen instances in which misconduct by the City of Newburgh police officers led to a lawsuit against the offending officer, but no disciplinary action was taken by the City. *Id*. at ¶ 15(a)–(s). These incidents occurred over a time interval from March 11, 2005 to September 3, 2011. *Id*. Of the nineteen, fourteen of the cases settled for an undisclosed amount.[2] One case is still pending. *Id*. at ¶ 15(o).

Plaintiff filed this action on June 14, 2013. On August 16, 2013, Plaintiff's counsel stated in a letter sent to opposing counsel and the Court that he "inadvertently" plead a Fourteenth Amendment violation against the City of Newburgh. Def. Mot. Ex. A. The letter states that the claim should have been plead under the Fourth Amendment. *Id*. At a pre-motion conference held before this Court on September 30, 2013, Plaintiff was granted leave to file an Amended Complaint. Plaintiff filed an Amended Complaint, but did not change the Amendment under which she brought her claim against the City. Plaintiff's opposition to the City of Newburgh's motion to dismiss argues that the Fourteenth Amendment is the proper vehicle under which her claim against the municipality should be asserted. Plaintiff does include a footnote, however, stating, "Should this Court disagree and believe that only the Fourth Amendment is violated by

---

[2] Four of the instances stemmed from a lawsuit challenging police use of dogs, which was filed jointly and settled together. Am. Compl. ¶ 15(j)–(m).

the City's failure to train in such a setting, plaintiff would respectfully request leave to file a Second Amended Complaint so alleging." Opp'n Br. 16 n. 3.

## II.     Legal Standard
### a.   12(b)(6) Motion to Dismiss

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The materials that may be considered on a motion to dismiss are those "asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

### b. *Monell* **Claim**

It is well-settled that a municipality may not be held vicariously liable for the actions of its employees. In order to state a claim against a municipality, a plaintiff must allege that the municipality maintained a policy, practice, or custom that caused the plaintiff's constitutional injury. *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to establish a *Monell* claim, a plaintiff must allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Abreu v. City of N.Y.*, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

 Courts in this Circuit apply a two prong test for § 1983 claims brought against a municipality. *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (citation omitted). First, the plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer." *Id.* (citation omitted). Second, the plaintiff must establish a "'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

To satisfy the first requirement, a plaintiff must prove the existence of:

(1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

4

*Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (internal citations and quotation marks omitted); *see also Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (quoting *Moray* and updating citations to cases). Although a plaintiff is not required to identify an express rule or regulation to establish a *Monell* claim, proof of "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. N.Y. City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (internal quotation marks omitted). "In the end, therefore, a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Hayes*, 853 F. Supp. 2d at 439 (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted).

In the context of a motion to dismiss, "a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009). *See also Twombly*, 550 U.S. at 555.

## III.   Discussion

### a.   Fourteenth Amendment Claim Against the City of Newburgh

A claim that a law enforcement officer has used excessive force falls under the Fourth Amendment and does not implicate due process considerations. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a

5

'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

Plaintiff's claim against John Doe for excessive force is asserted under the Fourth Amendment. Plaintiff's claim against the City of Newburgh is a *Monell* claim for failure to train, supervise, and discipline its officers is asserted under the Fourteenth Amendment. Defendant seeks to dismiss the claim against the City of Newburgh as improperly pleaded as a Fourteenth Amendment violation, rather than as a Fourth Amendment claim. Plaintiff opposes the motion to dismiss and states that there is a basis for the failure to train *Monell* claim under the Fourteenth Amendment, but in the event that the Court finds otherwise, Plaintiff seeks leave to file a Second Amended Complaint to assert a Fourth Amendment violation against the City of Newburgh. Pl. Opp'n Br. 16 n. 3.

"*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original). Thus, in the absence of an underlying constitutional violation, a municipality cannot be held liable for failure to train under *Monell*. *Id*. at 219. Indeed, where there is an underlying constitutional violation, a *Monell* claim exists only as extension of that violation and therefore, must be asserted as arising under the same constitutional provision.

Plaintiff cites to two cases for its proposition that a *Monell* claim is properly stated under the Fourteenth Amendment. However, in both of those cases, the underlying violation was

6

asserted under the Fourteenth Amendment, and therefore, the municipalities were evaluated under the extension of the Fourteenth Amendment. *See Canton v. Harris*, 489 U.S. 378, 390 (1989) (plaintiff filed suit against the city under 42 U.S.C. § 1983 for violation of plaintiff's due process right under the Fourteenth Amendment to receive medical attention while in police custody); *see also*, *Okin v. Village of Cornwall-on-Hudson*, 577 F.3d 415, 419 (2d Cir. 2009) (plaintiff claimed that "her Fourteenth Amendment rights to due process and equal protection had been violated.").  Any claim that Plaintiff has against the municipality must fall under the same theory of violation as the underlying allegedly-infringing conduct. Thus, the Complaint is not properly plead under the Fourteenth Amendment.

### b.  Amending the Complaint

While Plaintiff requests leave to amend her Complaint in a footnote in her opposition brief, the Court declines to entertain this request as a motion to amend the Complaint. Plaintiff was apprised of Defendant's intention to file a motion to dismiss based on the fact that the Complaint against the City claimed a Fourteenth Amendment rather than a Fourth Amendment violation. In fact, Plaintiff's counsel stated that pleading as such was "inadvertent." However, Plaintiff proceeded under the Fourteenth Amendment in her Amended Complaint and argues in her opposition brief that although she could have stated her claim against the city under the Fourth Amendment, the Fourteenth Amendment was a proper vehicle to do so as well. A litigant may not hedge their bets by pleading a violation based on one theory and then ask for a re-do if and when the court does not agree with that legal theory. The Court declines to address the issue of whether the Complaint states a claim against the City of Newburgh under the Fourth Amendment, as such would be akin to issuing an advisory opinion. *See Kelter v. Apex Equity Options Fund, LP*, No. 08 Civ. 2911(NRB), 2009 WL 2599607, at *10 (S.D.N.Y. Aug. 24, 2009)

("Plaintiff requests leave to amend his complaint in the event of a dismissal. . . . If such . . . requests are granted after potential deficiencies are made known to plaintiff and plaintiff fails to amend, plaintiff is in effect seeking an advisory opinion from the Court as to the deficiencies of his complaint.").

## IV.    Conclusion

Accordingly, Defendant City of Newburgh's motion to dismiss is GRANTED. The Clerk of Court is respectfully requested to terminate the motion, Docket No. 8, and terminate Defendant City of Newburgh from the case.

Dated:    March 18, 2014                    SO ORDERED:
          White Plains, New York

                                            _____
                                            NELSON S. ROMÁN
                                            United States District Judge