UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA D. BARRETT,

                Plaintiff,

-against-

CITY OF NEWBURGH, ROBERT VASTA, and JOSEPH BURNS,

                Defendants.

No. 13-CV-4118 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Plaintiff Virginia D. Barrett brings this action against Robert Vasta and Joseph Burns (collectively, "Defendants"), two City of Newburgh police officers.[1] Alleging that one officer used excessive force while the other failed to intervene and prevent the alleged use of excessive force,[2] Barrett is seeking compensatory and punitive damages from Defendants for violating her civil rights under 42 U.S.C. § 1983. The Second Amended Complaint[3] states that on October 12, 2012, the officers made an arrest during which they "force[d] [Barrett's] arms behind her back" in handcuffs despite repeated warnings that she could not "move her arms in [such] a manner," as she "recently had, and was recovering from, shoulder surgery." (Second Am. Compl. ("SAC") ¶ 9, ECF No. 24.) Barrett claims she sustained "exacerbated ... shoulder injuries" that "caused her to have substantial pain and suffering and a second operation on her shoulder." (*Id.* ¶ 11.) Defendants move to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the

---

[1] The original Complaint (filed on June 14, 2013) named the City of Newburgh as a defendant. On March 18, 2014, the Court terminated Defendant City of Newburgh from the case. (*See generally* ECF No. 20.)

[2] Plaintiff does not identify which of the two defendants, Vasta or Burns, used excessive force and who failed to intervene and prevent the other from using excessive force.

[3] Although entitled "First Amended Complaint," the operative pleading, dated December 18, 2015, is actually the second amended complaint filed by Barrett. Accordingly, for the sake of accuracy, it will be referred to herein as the "Second Amended Complaint" or the "operative Complaint."

Federal Rules of Civil Procedure. Defendants assert only that Plaintiff's action is time-barred. For the reasons stated below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

The Court's prior opinion in this case, *see Barrett v. City of Newburgh*, No. 13-CV-04118 (NSR), 2014 WL 1092176 (S.D.N.Y. Mar. 18, 2014), sets forth the factual background and procedural history in some detail. The Court presumes the parties' familiarity with the Court's prior opinion. (*See generally* ECF No. 20.) Simply put, Plaintiff alleges that Defendants used excessive force when they arrested her and "acted in a malicious and sadistic manner," in ignoring "[her] cries of pain" and warnings "as to her actual physical condition." (*Id*. ¶ 13.) Plaintiff proceeds on the theory that the injuries resulting from the arrest are made worse by the fact that "she was not the original target of the search," "had committed no crime or offense," "was not assisting any third party to do so," "or obstructing any police function" when "[officers] Vasta and Burns approached and apprehended [her]." (*Id*. ¶¶ 8, 12.)

## PROCEDURAL HISTORY

Plaintiff commenced this action on June 14, 2013. (Compl. (the "original Complaint"), ECF No. 1.) The original Complaint named only the City of Newburgh and a John Doe as defendants.[4] (*Id*.) In a letter dated August 16, 2013, Plaintiff informed defendants and the Court that she had "inadvertently" pled her claim against the City of Newburgh under the Fourteenth Amendment rather than the Fourth Amendment. *See Barrett v. City of Newburgh*, No. 13-CV-04118 NSR, 2014 WL 1092176, at *1 (S.D.N.Y. Mar. 18, 2014). After a pre-motion conference

---

[4] Plaintiff alleged that the City of Newburgh failed to train, supervise, and discipline its officers in violation of the Fourteenth Amendment, and that John Doe had violated her right to be free from excessive force under the Fourth Amendment. (Compl. ¶ 16, 19-20.)

held on September 30, 2013, the Court granted Plaintiff leave to file an amended complaint, and provided defendants with a briefing schedule.

Plaintiff timely filed her First Amended Complaint on October 12, 2013, which the City of Newburgh moved to dismiss pursuant to Rule 12(b)(6) on December 27, 2013.  (ECF. Nos. 19 & 8, respectively.)  Despite seeking leave to amend for the specific purpose of alleging a Fourth Amendment violation against the City of Newburgh, Plaintiff still maintained that the city's failure to train police officers violated only the Fourteenth Amendment.  (Am. Compl. ¶ 22, ECF. No. 19.)  After receiving the City of Newburgh's response (ECF Nos. 8, 9, & 15), the Court issued an order dated March 18, 2014 dismissing the City of Newburgh as a defendant.[5]  (*See generally* ECF No. 20.)

Approximately 21 months after the City of Newburgh was terminated as a party to the action, Plaintiff sought leave to file a second amended complaint to replace "John Doe" with individual defendants.  In a letter dated December 7, 2015, Plaintiff explained that she had "obtain[ed] city records indicating the name of the [John Doe] [she] believed responsible for the alleged use of excessive force."  (ECF No. 21.)  Plaintiff further asserted that "[c]ounsel for the City of Newburgh had refused to cooperate with [her] efforts to identify the responding police officers and since the matter was dismissed as [against the City of Newburgh], [counsel] refused to respond to [Plaintiff's] discovery demands."  (*Id.*)  On December 8, 2015, the Court granted Plaintiff leave to a file a *motion* to amend the complaint (*see* ECF No. 22), and Plaintiff filed the Second Amended Complaint on December 18, 2015, substituting "Robert Vasta and Joseph

---

[5] The Court also denied Plaintiff's renewed request to amend the claim under the Fourth Amendment since she was clearly on notice that the city-defendant would move to dismiss the Fourteenth Amendment as improper under New York law.

3

Burns" for "John Doe."  (Second Am. Compl. ("SAC") (referred herein as the "operative complaint"), ECF No. 24.)[6]

Pursuant to a scheduling order entered after a pre-motion conference on February 24, 2016, (*see* ECF No. 31), Defendants filed the instant Motion to Dismiss (*see* Mot. to Dismiss ("Mot."), ECF No. 37), and a memorandum of law in support of the Motion, (*see* Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), ECF No. 42); Plaintiff submitted a memorandum of law in opposition to the Motion (*see* Pl.'s Mem. of Law in Opp'n ("Pl.'s Opp'n"), ECF No. 45), dated May 4, 2016; and Defendants filed a reply (*see* Reply Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Reply"), ECF No. 48.)

## STANDARD OF REVIEW

A.  Rule 12(b)(6)

In evaluating Defendants' motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the Second Amended Complaint as true and draw all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*,

---

[6] Though Plaintiff continued to name "City of Newburgh" as a defendant in the case, Court reiterates it terminated the city as a party pursuant to the Order dated March 18, 2014.  (ECF No. 20.)

550 U.S. at 555.  If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Although "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove[,]" a statute of limitations defense may be "raise[d] … in a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (internal quotation marks omitted); *see also Vasconcellos v. City of New York*, No. 12–CV–8445, 2014 WL 4961441, at *2 (S.D.N.Y. Oct. 2, 2014) (same); *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 210 (S.D.N.Y. 2014) ("[B]ecause the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run." (internal quotation marks omitted)); *cf. Wang v. Palmisano*, 51 F. Supp. 3d 521, 536-38, No. 13–CV–2186, 2014 WL 5011099, at *11–12 (S.D.N.Y. Sept. 30, 2014) (refusing to dismiss several employment claims under state and federal law as untimely pursuant to Rule 12(b)(6) because of two uncertainties on the face of the complaint as to when the claims accrued).

## DISCUSSION

As noted above, Defendants' primary basis for dismissing Plaintiff's action is that the operative complaint is time-barred.  Liberally construed, the Second Amended Complaint seeks damages for Plaintiff's injuries under Section 1983.  (*See* SAC ¶¶ 4, 21.)  Section 1983 does not provide for a specific statute of limitations for personal injury actions under state law.  *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (same); *Vasconcellos*, 2014 WL 4961441, at *4 (same).  Under New York law, the statute of limitations for personal injury claims is three years.  *See* N.Y. C.P.L.R. § 214(5).

"Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations," *Hogan*, 738 F.3d at 517, that begins to accrue "when the plaintiff knows or has reason to know of the harm," *Shomo*, 579 F.3d at 181 (internal quotation marks omitted).

Here, Plaintiff alleges that Defendants used excessive force against her and failed to prevent the use of excessive force on October 12, 2012. Accordingly, under the applicable three-year statute of limitations, Plaintiff's deadline for bringing her excessive force claim expired on October 12, 2015. Although Plaintiff filed the original Complaint on June 14, 2013, within the three-year period, she listed "John Doe" as the defendant. Plaintiff did not identify officers Vasta and Burns by name until she filed the Second Amended Complaint on December 18, 2015. Defendants contend, therefore, that because they were not named as defendants in this matter until the three year of statute of limitations expired, the operative complaint should be dismissed. (Defs.' Mem. at 2.)

Usually, "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.'" *Hogan*, 738 F.3d at 517 (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir.1993)). Substitutions of a party's name for John Doe, therefore, "may only be accomplished" if the amended pleading relates back to the date of the original complaint under Federal Rule of Civil Procedure 15(c). *Aslanidis*, 7 F.3d at 1075; *see also JCG v. Ercole*, No. 11–CV–6844, 2014 WL 1630815, at *12 (S.D.N.Y. Apr. 24, 2014) (same), *adopted by JCG v. Ercole*, No. 11-CV-6844 (CM) (JLC), 2014 WL 2769120 (S.D.N.Y. June 18, 2014). Accordingly, as Plaintiff did not list Defendant by name until after the statute of limitations expired, her claims are timely only if the Second Amended Complaint relates back to the original Complaint under Rule 15(c). *See*

*Vasconcellos*, 2014 WL 4961441, at *5.  Rule 15(c) contains two subsections that are relevant here – Rule 15(c)(1)(C) and Rule 15(c)(1)(A).  *See Hogan*, 738 F.3d at 517.

1. Plaintiff's Claims are Untimely under Fed. R. Civ. P. 15(c)(1)(C)

"Rule 15(c)(1)(C) provides the federal standard for relation back." *Hogan*, 38 F.3d at 517.  For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within 120 days[7] of the filing of the [timely] original complaint[.]

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (modifications in original omitted) (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d Cir. 1995)).  Here, Defendants do not dispute that the claims in the Second Amended Complaint arise out of the conduct described in the original Complaint.  Instead, Defendants argue that Plaintiff cannot meet the third requirement for relation back because under Rule 15(c)(1)(C) "plaintiff's failure to know the identities of the individual she wishe[d] to sue is not a 'mistake' as to their identity… disqualif[ying] the plaintiff from taking advantage of the doctrine."[8]  (Defs.' Mem. at 2.)

---

[7] This matter was filed in 2012, long before the Federal Rule of Civil Procedure 4(m) was amended to reduce the time period from 120 days to 90 days. Fed. R. Civ. P. 4(m) Advisory Comm. Notes (2015 Amendment) (designed to "reduce delay at the beginning of litigation."). Plaintiff expressed a desire to amend the complaint in September 2013, and the amendment became effective on December 1, 2015. Here, the most just and practicable course of action, avoiding any surprise to the parties, is to use the prior time period in deciding the instant motion. *See, e.g.*, *Carlos v. York County*, No. 15 Civ. 1994 (JFS), 2016 WL 1706163, at *4 n.5 (M.D. Pa. Apr. 27, 2016) ("the pre-amendment version of Rule 4(m), providing a 120-day time period, shall govern proceedings in this case"). Notably, providing the additional 30-day window has no impact on the analysis herein.

[8] Defendants also suggest that Plaintiff cannot meet the second requirement. The Court notes that while Defendants raise the issue that they were not notified until February 2016, they never argue that they would be prejudiced as a result. Plaintiff on the other hand asks the Court to impute notice on the defendant officers, asserting that "[i]t is certainly logical to assume that the City's counsel spoke with those officers and provided them notice of the action thought they were not at that time named as defendants." (Pl.'s Opp'n at 7.) Plaintiff theorizes that Defendants had constructive notice because they are represented here by the same counsel that represented the party named in the original Complaint (i.e., the City of Newburgh). Defendants assert "[i]t is however just the opposite." (Defs.' Reply at 1.) "To avoid possible conflicts that may involve individual police officers as co-defendants,

Defendants are correct. "[A]lthough 'Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties … [,] the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'" *Hogan*, 738 F.3d at 517-18 (quoting *Barrow*, 66 F.3d at 470). In other words, "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Id.* at 518 (citing *Barrow*, 66 F.3d at 470); *see also Vasconcellos*, 2014 WL 4961441, at *7 (concluding that the plaintiff's claims did not relate back under Fed. R. Civ. P. 15(c)(1)(C) because the plaintiff was "ignorant" and not "mistaken" about the John Doe defendants' identities); *Strada v. City of New York*, No. 11–CV–5735, 2014 WL 3490306, at *10 (E.D.N.Y. July 11, 2014) (citing *Hogan* and explaining that "*Barrow* remains good law … and precludes [the] [c]ourt from finding that [the] [p]latiniff's failure to amend the [c]omplaint to name the individual officers was a mistake contemplated by Rule 15(c)"). Accordingly, because Plaintiff cannot satisfy the third requirement, her amended pleading cannot relate back under Rule 15(c)(1)(C). *See Hogan*, 738 F.3d at 518.

   2. <u>Plaintiff's Claims are Unimely under Fed. R. Civ. P. 15(c)(1)(A)</u>

An amended pleading relates back pursuant to 15(c)(1)(A) when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). In applying Rule 15(c)(1)(A), courts are "to look at the entire *body* of limitations law that provides the applicable statute of limitations." *Hogan*, 738 F.3d at 518. Because § 1983 "derives its statute of

---

caution dictates counsel for the City *not* interview the officers whose positions may be adverse to its defense of the *Monell* claim." (*Id*. at 1) (emphasis in the original). Defendants affirm that "neither had knowledge of this case prior to being served with the summons and second amended complaint in February 2016." (Defs.' Reply at 2.) Even if the Court assumes constructive notice, it does not change the fact that Plaintiff's inability to identify "John Doe" does not constitute a "mistake of identity" under *Hogan*.

limitations from state law," the Court looks to New York State law. *Id*. Here, the applicable state law is § 1024 of the New York Practice Law and Rules ("CPLR"), which states:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. As the Second Circuit has recently held, CPLR § 1024 is in fact more forgiving in relating back complaints in the John Doe context. *See Hogan*, 738 F.3d at 518. Therefore, the Court must determine whether Plaintiff may take advantage of § 1024. *See Wilson v. City of New York*, No. 03–CV–2495, 2006 WL 2528468, at *2 (S.D.N.Y. Aug. 31, 2006) (noting that Rule 15(c)(1) directs courts to apply either state or federal law, whichever "affords a more forgiving principle of relating back") (internal quotation marks and citation omitted).

As an initial matter, a plaintiff may not designate a party as "John Doe" under § 1024 if he has actual knowledge of the party's identity. *See Deutsche Bank Nat. Trust Co. v. Turner*, 32 Misc.3d 1202(A), 934 N.Y.S.2d 33, No. 10–CV–41152, 2011 N.Y. Slip Op. 51153(U), at *2 (Civ. Ct. Apr. 22, 2011); *Maurro v. Lederman*, 7 Misc.3d 863, 795 N.Y.S.2d 867, 870 (Sup. Ct. 2005) ("An explicit prerequisite to the use of CPLR 1024 is plaintiff's ignorance of the defendant's name."). "If none of the name is known, then a completely fictitious name may be utilized. However, such a designation can only be made if the designating party does not know all or part of the other party's name; otherwise the party must be designated to the extent that his or her name is known." *First Fed. Savings & Loan Ass'n of Rochester v. Souto*, 158 Misc.2d 219, 601 N.Y.S.2d 43, 44 (Civ. Ct. 1993); *see also Turner*, 2011 N.Y. Slip Op. 51153(U), at *2 (same). Here, Plaintiff noted "John Doe," in her original Complaint. (*See* ECF No. 1.) Moreover, Plaintiff sought leave to substitute "Vasta and Burns" for "John Doe" on December 7, 2015, shortly after "obtain[ing]

9

[the] city records [naming] the officer" she "believe[d] responsible for the alleged use of excessive force." (Pl.'s Letter, ECF No. 21.) Accordingly, from the face of the original Complaint, it is apparent that Plaintiff was, at the very least, ignorant "in part" of Vasta and Burns' names for purposes of invoking CPLR § 1024.

Under CPLR § 1024, a plaintiff may substitute a named party for a John Doe party *nunc pro tunc* if the plaintiff meets two requirements: (1) "'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name,' " and (2) "describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" *Hogan*, 738 F.3d at 518–19 (quoting *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (2009)).[9]

To satisfy the first requirement – due diligence – a plaintiff must "show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Strada v. City of New York*, 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting *Justin v. Orshan*, 14 A.D.3d 492, 492–93, 788 N.Y.S.2d 407 (2d Dep't 2005)) (quotation marks omitted). These efforts might include, *inter alia*, serving discovery demands on any known parties or seeking disclosures pursuant to a Freedom of Information Law request. *Williams v. United States*, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010) (citing *Bumpus*, 66 A.D.3d at 33–34, 883 N.Y.S.2d 99). "Second,

---

[9] Pursuant to New York Civil Practice Law and Rules ("CPLR") § 306–b, once a John Doe complaint is filed, a plaintiff must serve it on the correct defendant "within one hundred twenty days after the commencement of the action." N.Y. C.P.L.R. § 306–b. *See Vasconcellos v. City of New York*, No. 12–CV–8445, 2014 WL 4961441, at *8 (S.D.N.Y. Oct. 2, 2014); *cf. Fisher v. Cnty. of Nassau*, No. 10–CV–677, 2011 WL 4899920, at *4 (E.D.N.Y. Oct. 13, 2011) (explaining that under CPLR § 1024, a plaintiff may sue an unknown defendant if he, among other things, "identif[ies] and serve[s] the previously-unknown defendant within 120 days of his filing suit" (quoting *Bumpus v. New York City Transit Auth.*, 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (2009))). Here, Defendants dispute that Plaintiff met this requirement and argue that they were actually served on February 26, 2016. (*See* Defs.' Mem. at 2 n. 1) ("The docket reflects an affidavit of service was filed on December 21, 2015 indicating service was made on December 18, 2015. [ … ] This however was impossible since the summons was not issued by the court clerk until February 24, 2016.") The Court finds that it does not need to address the parties' dispute regarding service given its finding that the operative Complaint fails to relate back under either 15(c)(1)(C) or 15(c)(1)(A).

the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Hogan*, 738 F.3d at 519 (quoting *Bumpus*, 66 A.D.3d at 30, 883 N.Y.S.2d 99 and citing cases) (internal quotation marks and alteration omitted).

Here, the Plaintiff has not met the first requirement of § 1024.  Defendants argue the "'due diligence' standard is not satisfied … when such attempts are preceded by a lengthy period of time in which no efforts to discover the identity of defendants were made."  (Defs.' Mem. at 3.)  While the Court notes that Plaintiff made some efforts, it finds that these efforts do not satisfy the diligence requirement.  The original Complaint was filed on June 14, 2013, but "Plaintiff appears to have expended no efforts at all to identify the Individual Defendants" in the seventeen months that followed.  *Williams*, 2010 WL 963474, at *13.  Plaintiff waited until November 19, 2014 before "serv[ing] Rule 26(a) Initial Disclosures upon the City counsel."  (Pl.'s Opp'n at 2; Ex. 2.)  In that time, Plaintiff could have served discovery demands upon the known parties, sought disclosures pursuant to a Freedom of Information Law ("FOIL") request, or written letters to the Attorney General's Office.  *See, e.g., Bumpus*, 66 A.D.3d at 33–34.  Instead, "plaintiff's counsel submitted [only] two sets of discovery demands … upon counsel" and "served a subpoena *six weeks* before the end of discovery upon the Chief of police."  (Pl.'s Opp'n at 14) (emphasis added.)  *Cf. Hogan*, 738 F.3d at 519 (plaintiff met first requirement under § 1024 in that he "diligently sought to identify the 'John Doe defendants' by submitting 'multiple discovery requests to the Attorney General's office'"); *Mabry v. New York City Dept. of Corrections*, No. 05-CV- 8133 (JSR) (JCF), 2008 WL 619003, at *6 (S.D.N.Y. March 7, 2008) (allowing relation-back where plaintiff's first complaint was well within statute of limitations and she "aggressively sought the identities of the defendants").

Plaintiff counters that "hoping to run out the clock," "those representing the John Doe defendants stonewalled," her discovery efforts. (Pl.'s Opp'n at 14.) If Plaintiff believed, as she asserts, that the city's counsel was "stonewalling" efforts to identify "John Doe," she could have timely pursued alternative avenues for obtaining discovery (e.g., filed a FOIL request or notified the Attorney General's office). Instead, Plaintiff continued to serve all discovery requests on the same – allegedly uncooperative – counsel at the city. *See Temple v. New York Community Hospital*, 89 A.D.3d 926, 933 N.Y.S.2d 321, 323 (2011) (concluding that "the plaintiff failed to exercise due diligence to discover the identity of the John Doe defendants prior to the expiration of the statute of limitations[,]" in part, because "[t]here [was] no indication in the record that the plaintiff engaged in any pre-action discovery or Freedom of Information Law ... requests[,]" and when the responses to "some limited discovery demands" were "less than adequate, the plaintiff failed to promptly seek further discovery, neglected to submit a properly executed authorization to the disclosing party, and failed to properly and promptly seek assistance from the [New York] Supreme Court"); *cf. Lepore v. Town of Greenburgh*, 120 A.D.3d 1202, 992 N.Y.S.2d 329, 332 (2014) (holding that the Supreme Court erred in failing to grant the defendants' motion to dismiss because plaintiffs failed to identify the relevant John Does and serve them prior to the expiration of the statute of limitations and "failed to raise a triable issue of fact as to whether they exercised due diligence in attempting to identify and serve the John Does such that the applicable limitations periods had tolled or were otherwise inapplicable"). Plaintiff also waited two months *after* the statute of limitations had expired before notifying this Court that "Counsel for the City of Newburgh ha[d] refused to cooperate with [her] efforts to identify the responding officers" and "dishonored the subpoena *duces tecum* served on it." (*See* Pl.'s letter dated December 7, 2015 ("Pl.'s Dec. 2015 Letter"), ECF No. 21.) Plaintiff sent this letter approximately twenty-one months

after the Court terminated the City of Newburgh as a party. (*Compare* ECF No. 20 (Court's Order dated March 18, 2014 terminating Defendant City of Newburgh from the case), *with* ECF No. 21 (Pl.'s Dec. 2015 Letter)); *contra Hogan*, 738 F.3d at 513, 519 (finding the due diligence requirement met where *pro se* plaintiff "summit[ed] over ten discovery demands and multiple requests under New York's Freedom of Information Law" and "submitted multiple discovery requests to the Attorney General's office as counsel for the named defendants"); *Ceara v. Deacon*, 68 F. Supp. 3d 402, 412 (S.D.N.Y. 2014) (finding the due diligence requirement met at the motion to dismiss stage where a *pro se* plaintiff's "efforts to identify [defendants] through the inspector general, his notification to the Court of these efforts, and his amendment naming the defendant when the Attorney General disclosed the full identity pursuant to Order of Service").

Given Plaintiff's lack of due diligence, especially when compared to the efforts of other plaintiffs in § 1983 cases, the Court finds that the Second Amended Complaint does not relate back.

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint does not relate back to the filing date of her original Complaint. Because Plaintiff filed this action against officers Vasta and Burns nearly two months after the statute of limitations expired – her claim for excessive force is time-barred. Accordingly, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is respectfully requested to terminate any pending motions (specifically ECF No. 37), and to close this case.

Dated: March 22, 2017  
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge